UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| Rik Lineback, Regional Director of the Twenty-Fifth Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD, | ) ) ) ) ) ) | |
| Petitioner, | ) | CAUSE NO. 1:12-CV-85 |
| v. | ) ) ) | |
| COUPLED PRODUCTS, LLC, | ) ) | |
| Respondent. | ) | |

## OPINION AND ORDER

### I.  INTRODUCTION

This matter is before the Court on the Petitioner's Motion to Strike Notice of Deposition (Docket # 16) filed by the National Labor Relations Board ("NLRB") on May 14, 2012, seeking to prevent the Respondent, Coupled Products, LLC, from deposing an NLRB representative. Coupled Products filed a response to the motion on May 15, 2012.  (Docket # 21.)  Oral argument was heard and concluded on May 22, 2012.  For the following reasons, the Petitioner's Motion to Strike will be DENIED.[1]

### II.  FACTUAL AND PROCEDURAL BACKGROUND

On April 12, 2012, the Court set a hearing on the NLRB's petition for a §10(j) injunction against Coupled Products for May 31, 2012.  (Docket # 15.)  The Court further permitted discovery into facts pertinent to this §10(j) injunction—particularly evidence outside of the

---

[1] Because this case is set for a one (1) day bench trial on May 31, 2012, this Opinion and Order has been expedited.

administrative record—with the discovery period ending on May 24, 2012. (Resp't's Opp'n to Mot. to Quash 1-2; *see* Docket # 15.) The next day, April 13th, Coupled Products issued discovery requests to the NLRB, including a Notice of Deposition pursuant to Federal Rule of Civil Procedure 30(b)(6). (Resp't's Opp'n to Mot. to Quash 2; Gayed Rule 37.1 Certification ¶¶ 4-5.) The Rule 30(b)(6) Notice of Deposition set a date of May 9, 2012, for the deposition of the NLRB "through such corporate officers or other officials of the NLRB, as the NLRB may designate who are most knowledgeable" concerning specific areas of inquiry all relating to the §10(j) injunction. (Docket # 16-1.)

On May 8, 2012, the day before the noticed deposition, the NLRB, through counsel, communicated with Coupled Products for the first time about the deposition, with counsel indicating that she was not sure if the NLRB had a designee ready to testify. (Resp't's Opp'n to Mot. to Quash 2; Gayed Rule 37.1 Certification ¶¶ 7-8.) The deposition was continued until the following week, but, on May 11, 2012, counsel for the NLRB indicated that the NLRB did not intend to produce a deponent and intended to quash the notice of deposition. (Resp't's Opp'n to Mot. to Quash 2; Gayed Rule 37.1 Certification ¶ 10.)

Subsequently, the NLRB filed the present motion to strike Coupled Products's 30(b)(6) notice of deposition (Docket # 16), arguing that the deposition will not lead to any relevant or admissible evidence—as, according to the NLRB, no NLRB employee has firsthand knowledge of the facts underlying this case—and that any testimony would be protected under the attorney work product, attorney-client, or deliberative process privileges (Mem. in Supp. of Pet'r's Mot. to Strike 2). Coupled Products responds that the 30(b)(6) deposition will lead to relevant, admissible evidence, that such a deposition does not require a deponent's firsthand knowledge,

and that it does not seek privileged information.  (*See* Resp't's Opp'n to Mot. to Quash 4-10.)

At the May 22, 2012, hearing, the factual background was further developed, with counsel for Coupled Products indicating that, as recently as this past Friday, May 18, 2012, the NLRB amended its discovery order, adding five witnesses they intended to call at the May 31, 2012, hearing.  On Monday, May 21, 2012, according to its counsel, Coupled Products then received a short, one sentence statement of what each of these witnesses will say.

### III.  DISCUSSION

As the Court gleans from both the NLRB's motion to strike and the arguments of its counsel at the May 22, 2012, hearing, the NLRB suggests that, at this point, no discovery should go forward in this matter as a deposition would not provide Coupled Products with any information it does not already have or that it could not easily discover on its own.  Yet "courts have concluded that a respondent in a section 10(j) proceeding is entitled to discovery 'limited to the issues raised by the petition for an injunction. . . .'" *Kinney ex rel. N.L.R.B. v. Chicago Tribune Co.*, No. 89 C 3829, 1989 WL 91844, at *1 (N.D. Ill. Aug. 7, 1989) (quoting *Madden ex rel. N.L.R.B. v. Milk Wagon Drivers Union Local 753*, 229 F. Supp. 490, 492 (N.D. Ill. 1964)); *accord Kobell ex rel. N.L.R.B. v. Reid Plastics, Inc.*, 136 F.R.D. 575, 579 (W.D. Pa. 1991) (citing same).  As such, "a respondent is entitled to discover the facts upon which the Board will rely 'to support its allegations [as set forth in the petition for relief] of reasonable cause to believe that a violation of the National Labor Relations Act has occurred.'"  *Kinney*, 1989 WL 91844, at *1 (quoting *Madden*, 229 F. Supp. at 493 (alteration added in *Kinney*)).

Here, the Notice of Deposition properly limits the topics to those relating to the NLRB's §10(j) injunction, *see Kinney*, 1989 WL 91844, at *1, including, among other topics, the

irreparable harm the NLRB believes will result from a failure to issue a §10(j) injunction. (*See* Docket # 16-1 at 2.) Moreover, Coupled Products is entitled to discover the facts and contentions upon which the NLRB will rely to support its §10(j) injunction, *see id.*, which includes the anticipated testimony of the five witnesses the NLRB just disclosed to Coupled Products—and more than merely a one sentence statement to that effect. But, with the shortened deadline—the May 31st hearing on the §10(j) injunction is now only nine days away—Coupled Products cannot feasibly depose each of these five witnesses; its prior noticed 30(b)(6) deposition provides Coupled Products with its best opportunity to gather this information before the May 31st hearing. To the extent that the deposition will intrude upon potentially privileged areas, the Court is unable to resolve such issues until a specific question is posed and an objection is made. *See id.* (looking at each question posed in a deposition, one by one, and then determining specifically, one by one, line by line, which questions the deponent could answer).

## IV.  CONCLUSION

Accordingly, the Court DENIES Petitioner's Motion to Strike Notice of Deposition (Docket # 16) and ORDERS that the NLRB produce a Rule 30(b)(6) deponent on May 24, 2012, at 9:00 a.m. (or any other mutually agreeable time), in Room 1128 of the Adair Federal Building, 1300 South Harrison Street, Fort Wayne, IN 46802. United States Magistrate Judge Roger B. Cosbey will be available to address and rule on any objections raised during the deposition.

SO ORDERED.

Enter for this 22nd day of May, 2012.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge