UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

RIK LINEBACK, REGIONAL DIRECTOR OF )
THE TWENTY-FIFTH REGION OF THE )
NATIONAL LABOR RELATIONS BOARD, )
FOR AND ON BEHALF OF THE )
NATIONAL LABOR RELATIONS BOARD, )
)
PETITIONER )
)
VS. )     CAUSE NO. 1:12-CV-85-RLM-RBC
)
COUPLED PRODUCTS, LLC, )
)
RESPONDENT )


OPINION and ORDER

This matter is most recently before the court on petitioner National Labor
Relations Board's motion to dismiss its earlier motion for injunction.
Respondent Coupled Products, LLC consents to the dismissal but asks the
court first to rule on its pending motion for sanctions stemming from a
discovery dispute. The Board also has a pending motion for review of the
magistrate judge's order that dismissal of the case will render moot. The court
heard the parties' arguments on June 27, and now grants both the motion for
sanctions and the motion to dismiss.

In March 2012, the Board moved for an injunction under Section 10(j) of
the National Labor Relations Act, asking the court to enjoin Coupled Products
from taking certain labor-related actions pending the outcome of the Board's
case in front of an Administrative Law Judge. At an April 12 conference, the

court set a 6-week discovery period in which the parties could conduct discovery on issues that would be relevant to the court's decision about whether to grant the injunction and were not already part of the record created in front of the ALJ. Working under that directive, Coupled Products served the Board with a notice of deposition pursuant to Federal Rule of Civil Procedure 30(b)(6).

A month later, and on the eve of the noticed deposition, the Board informed Coupled Products that it objected to the deposition. The Board moved to quash the deposition and Magistrate Judge Cosbey denied that request with a written opinion and order. Doc. No. 26. Judge Cosbey ordered the deposition to go forward in the Fort Wayne federal courthouse on May 24 and made himself available to address objections during the deposition.

On May 22, the Board's counsel of record in this case, Belinda Brown, notified Coupled Products that she had been designated as the Rule 30(b)(6) witness, and Coupled Products adjusted the deposition's starting time to accommodate her. At about 4:00 p.m. on May 23, Ms. Brown notified Coupled Products' counsel that the Board would not attend the next day's deposition. Ms. Brown offered alternative methods of discovery, but none were acceptable or Coupled Products. More importantly for today's decision, none of the proposed alternatives were what Magistrate Judge Cosbey had ordered. In the waning minutes of May 23, the Board electronically filed its objections to the Magistrate Judge's decision and order under Federal Rule of Civil Procedure 72(a). Neither Ms. Brown nor anyone else from the Board attended the

scheduled May 24 deposition in the Fort Wayne courthouse. Other than filing the Rule 72 objections to the magistrate judge's order, the Board didn't otherwise move to stay the effect of the order. Coupled Products moved for sanctions — dismissal and an award of attorney's fees — because the Board had disregarded a court order.

Before this court could address the Rule 72(a) objection or the motion for sanction, the ALJ decided the underlying unfair practice case, making this case moot. The Board moved for voluntary dismissal of its petition for injunction in this court. Coupled Products welcomes the suit's dismissal, but opposes dismissing the entire case until their motion for sanctions is resolved. The dismissal motion renders moot the the Board's objection to the magistrate judge's decision, because no Rule 30(b)(6) deposition is necessary now.

Agencies of the United States generally are subject to sanctions in the form of costs and fees to the same extent as any other litigant. 28 U.S.C. § 2412(b). A party's refusal to comply with a court order relating to a Rule 30(b)(6) deposition subjects the party to sanctions beyond an award of fees and costs. FED. R. CIV. P. 37(b)(2)(A). A party whose designated Rule 30(b)(6) deponent fails to appear after proper notice is subject to the same sanctions beyond a fee award as one who disregarded a court order. FED. R. CIV. P. 37(d)(1)(a). Whether the discovery requested was objectionable is immaterial. FED. R. CIV. P. 37(d)(2).

Aside from the non-fee sanctions, the rules of procedure provide that the court must award reasonable expenses, including attorney fees, caused by the

failure unless the disobedience of the court order or the failure to produce a Rule 30(b)(6) deponent "was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C), 37(d)(3). The case's mootness renders any sanction other than an award of expenses inappropriate.

The Board has set forth nothing that would allow a finding that its failure to attend the court-ordered Rule 30(b)(6) depositions was substantially justified or other circumstances make an award of expenses unjust. The Board argues that it commonly prevails on appeal from orders such as Magistrate Judge Cosbey's order. At bottom, that argument rests on the proposition that Judge Cosbey was wrong and the discovery was improper, but Rule 37(d)(2) tells us that proposition offers no justification for non-appearance. The Board's position might be substantially justified had the Board offered any law that led it to think that the filing of Rule 72(a) objections automatically stay the order to which objection is made, But the Board hasn't offered even dictum to that effect.[11] Secondary authorities offer no support for such a proposition. 12 C.

---

[11] The Northern District of Indiana does not have a local rule specifically addressing whether the filing of objections under Rule 72 acts to stay the magistrate judge's ruling, as do other districts. See, e.g. Eastern District of Michigan L.R. 72.2 ("When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."); District of Colorado L.R. 30.2B ("The filing of an objection, pursuant to Fed.R.Civ.P. 72(a), to an order by a magistrate judge concerning a discovery issue does not stay the discovery to which the motion is directed. Any stay of the magistrate judge's order must be sought and obtained separately by motion filed initially with the magistrate judge, and if denied, then with the assigned district court judge. The motion shall be supported by good cause."); Southern District of Mississippi L.R. 72(a)(2) ("The filing of a motion for reconsideration does not stay the magistrate judge's ruling or order, and no such stay occurs unless ordered by the magistrate judge or a district judge.").

Wright, A. Miller, and M. Kane, WRIGHT & MILLER FED. PRAC. & PROC. CIV. § 3069 (2d ed) ("a timely objection [under Rule 72] does not automatically render the magistrate judge's ruling invalid until the district court acts on the objection.") (citing Esparza v. Bridgestone/Firestone, Inc., 200 F.R.D. 654, 657 (D. Colo. 2001) (finding that allowing a Rule 72 objection to act as a stay would allow parties to "use the objection process simply as a device to further delay discovery and to derail the preparation of a case for trial, regardless of the merits of the objection."); J. Moore, MOORE'S FEDERAL PRACTICE § 72.10[4] ("the filing of an objection does not automatically stay operation of the order. Decisions by a magistrate judge on nondispositive matters are effective unless overturned by a district judge.").

The magistrate judge issued an explicit order to the Board: "Accordingly, the Court DENIES Petitioner's Motion to Strike Notice of Deposition (Docket # 16) and ORDERS that the NLRB produce a Rule 30(b)(6) deponent on May 24, 2012, at 9:00 a.m. (or any other mutually agreeable time), in Room 1128 of the Adair Federal Building, 1300 South Harrison Street, Fort Wayne, IN 46802. United States Magistrate Judge Roger B. Cosbey will be available to address and rule on any objections raised during the deposition." Opinion and Order Denying Motion to Strike Notice of Deposition at *4. The Board didn't comply with the order; the Board refused to produce its Rule 30(b)(6) designee. The Board's failures were not substantially justified, and no other circumstances make an award of expenses unjust. An award of expenses, including reasonable attorney fees, is mandatory.

The court GRANTS Coupled Products' motion for sanctions (Doc. No. 31) and instructs Coupled Products to file an affidavit of costs, including attorney's fees, incurred as a direct result of the Board's failure to produce a deponent as instructed by Magistrate Cosbey. The court DENIES the Board's Rule 72 objections to the magistrate judge's order (Doc. No. 29) as moot. The court GRANTS the Board's motion to dismiss the petition for injunction (Doc. No. 42). The court VACATES the remaining deadlines and the July 26, 2012 hearing.

SO ORDERED.

ENTERED: <u>June 28, 2012</u>


<u>      /s/ Robert L. Miller, Jr.             </u>
Judge
United States District Court